UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERVON SIMMONS,

    Petitioner,

v.                                       Case No.: 2:19-cv-572-FtM-38MRM

WILLIAM BARR, KEVIN K.
MCALEENAN, JIM MARTIN and
WARDEN OF IMMIGRATION
DETENTION FACILITY,

    Respondents.
_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner Shervon Simmons' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and the Respondents Motion to Dismiss the Petition as Moot (Doc. 7) filed on April 3, 2020. For the following reasons, the Court finds that the Petition should be dismissed as moot.

## BACKGROUND

Petitioner is a native and citizen of St. Lucia. Petitioner was taken into custody on December 7, 2018 and ordered removed from the United States on February 6, 2019. (Doc. 1 ¶ 20). Petitioner was removed from the United States to St. Lucia on September 17, 2019. (Doc. 7, Ex. A).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

**DISCUSSION**

Petitioner argues that he has been held longer than six months considered reasonable by the U.S. Supreme Court in *Zadvydas v. Davis*, 533 U.S. 691-702 (2001), and should be released. Respondent responds that Petitioner has been released. Since Petitioner only challenges his detention, and has obtained the relief he seeks, his Petition should be dismissed as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001)(internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

That said, dismissal after release is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too short in duration to be litigated before its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party

would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Petitioner does not challenge the deportation order. Instead, he seeks release only from ICE custody. For that reason, Petitioner's claim was resolved when he was removed from ICE custody. Because Petitioner was released from custody and removed from the United States, the chances of his extended detention happening again are too speculative to create a controversy to support a claim for relief, and the exception to the mootness doctrine does not apply. *See Ijaoba v. Holder*, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, at *1 (N.D. Ala. 2013) (holding "[s]ince the petitioner has been released pending his deportation to Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief."). Since the Court can no longer give Petitioner any meaningful relief, his § 2241 Petition is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1253.

Accordingly, it is now **ORDERED**:

1. Respondents Motion to Dismiss the Petition as Moot (Doc. 7) is **GRANTED**.
2. The Clerk of Court shall enter judgment, terminate any pending motions as moot, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

3